

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE,<br><br>                  Plaintiff,<br><br>                  v.<br><br>UNITED STATES OF AMERICA,<br><br>                  Defendant. | Case: 1:22−cv−01337<br>Assigned To : Unassigned<br>Assign. Date : 5/13/2022<br>Description: Pro Se Gen. Civ. (F−DECK)<br><br>Civil Action No.<br><br>Chief Judge Beryl A. Howell |

## ORDER

Plaintiff, who is proceeding *pro se*, has moved to proceed under pseudonym, Pl.'s Mot. to Use Jane Doe as Name ("Pl.s Mot."), in her instant suit alleging identity theft, imprisonment, and human trafficking at the hands of various governmental authorities. For the reasons set forth below, plaintiff's motion to proceed under pseudonym is denied, subject to any further consideration by the United States District Judge to whom this case is randomly assigned.[1]

Generally, a complaint must state the names of the parties and address of the plaintiff. FED. R. CIV. P. 10(a) ("The title of the complaint must name all the parties."); FED. R. CIV. P. 11(a) (requiring "[e]very pleading, written motion, and other paper," including submissions by an unrepresented party, to "be signed" with "the signer's address, e-mail address, and telephone number"); LCvR 5.1(c)(1) ("The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party," and "[f]ailure to provide the address information within 30 days of filing may result in the dismissal of the case against the

---

[1] The instant motion has been directly referred to the undersigned Chief Judge for resolution. *See* D.D.C. LCvR 40.7(f) (providing that the Chief Judge shall "hear and determine . . . in any case not already assigned: motion to file a pseudonymous complaint"); *see also* D.D.C. LCvR 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

defendant."); LCvR 11.1 (same requirement as LCvR 5.1(c)(1)). The Federal and Local Rules thus promote a "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' . . . and, more specifically, from the tradition of open judicial proceedings." *In re Sealed Case*, 931 F.3d 92, 96 (D.C. Cir. 2019) (internal citations omitted) (quoting *Wash. Legal Found. v. U.S. Sentencing Comm'n*, 89 F.3d 897, 899 (D.C. Cir. 1996)). That "presumption of openness in judicial proceedings is a bedrock principle of our judicial system." *In re Sealed Case*, 971 F.3d 324, 325 (D.C. Cir. 2020) (citing *Courthouse News Serv. v. Planet*, 947 F.3d 581, 589 (9th Cir. 2020)). Accordingly, courts "generally require parties to a lawsuit to openly identify themselves to protect the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Id.* at 326 (internal quotation marks and alterations omitted) (quoting *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (per curiam)).

Despite the presumption in favor of disclosure, the Federal Rules of Civil Procedure provide a narrow set of circumstances in which a party or nonparty's name and other filings may be redacted to protect privacy by limiting public access. *See, e.g.,* FED. R. CIV. P. 5.2 (a)(1)–(4) (requiring, "[u]nless the court orders otherwise," use of only initials for minors, and only partial birthdates and social-security, taxpayer-identification, and financial account numbers); FED. R. CIV. P. 5.2(e)(1) (authorizing court order, for good cause, to "require redaction of additional information").

Courts also, in special circumstances, may permit a party to proceed anonymously. A party seeking to do so, however, "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to

proceed in its own name." *In re Sealed Case*, 971 F.3d at 326.  Once that showing has been made, "the court must then 'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure.'"  *Id*. (quoting *In re Sealed Case*, 931 F.3d at 96). When weighing those concerns, five factors, initially drawn from *James v. Jacobson,* 6 F.3d 233, 238 (4th Cir. 1993), serve as "guideposts from which a court ought to begin its analysis." *In re Sealed Case*, 931 F.3d at 97.  These five factors are:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and relatedly, (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* (citing *James*, 6 F.3d at 238).

At the same time, a court must not simply "engage in a wooden exercise of ticking the five boxes."  *Id.*  Rather, the "balancing test is necessarily flexible and fact driven" and the five factors are "non-exhaustive."  *In re Sealed Case*, 971 F.3d at 326.  In exercising discretion "to grant the rare dispensation of anonymity . . . the court has 'a judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted' . . . tak[ing] into account the risk of unfairness to the opposing party, as well as the customary and constitutionally-embedded presumption of openness in judicial proceedings."  *Microsoft Corp.*, 56 F.3d at 1464 (quoting *James*, 6 F.3d at 238 (other internal citations and quotation marks omitted)).

Plaintiff alleges that she is being unlawfully surveilled by "the National Sheriff Dep[artment]" and has been stripped of "everything titled to [her]" including her birth certificate and other identification documents, Pl.'s Mot. at 1, but other than her beliefs,

3

provides no factual underpinnings for these allegations. Such vague and unsupported accusations are insufficient to explain why proceeding under pseudonym is necessary in her case, let alone any justification for "the rare dispensation of anonymity." *In re Sealed Case*, 971 F.3d at 326. Thus, the Court is not persuaded that plaintiff would be subject to harassment or violence as a result of proceeding with this action under her own name. Plaintiff has failed to either demonstrate a need for secrecy or identify consequences likely to befall her if she proceeded in her own name.

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiff's Motion to Use Jane Doe as Name is **DENIED**, subject to any further consideration by the United States District Judge to whom this case is randomly assigned; it is further

**ORDERED** that the plaintiff must refile, by **5 PM EST** on **May 30, 2022**, the Complaint using the plaintiff's full name and residential address in accordance with this Memorandum and Order and D.D.C. LCvR 5.1(c)(1), or the case will be administratively closed; and it is further

**ORDERED** that the plaintiff must file, by **May 30, 2022**, the Motion to Use Jane Doe as Name on the public docket with any sensitive information redacted.

**SO ORDERED.**

Date: May 16, 2022

_____
BERYL A. HOWELL
Chief Judge